IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY CHATMAN; FRANCISCO ALVARADO; ZACHARY GRANADOS; TYNDALE MOBLEY; and JOSEPH DEGUAIR, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MAX N. OTANI, Director of State of Hawaiʻi, Department of Public Safety, in his official capacity, <br><br> Defendant. | Civil No. 21-00268 JAO-KJM <br><br> ORDER #1 REGARDING OVERSIGHT OF THE PRELIMINARY INJUNCTION |

ORDER #1 REGARDING OVERSIGHT
OF THE PRELIMINARY INJUNCTION

Pursuant to the July 13, 2021 Order (1) Granting Plaintiffs' Motion For Provisional Class Certification and (2) Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order ("Preliminary Injunction"), ECF No. 37, the Court enters this Order #1 Regarding Oversight of the Preliminary Injunction. To effectuate that oversight as set forth in the Preliminary Injunction, the Court orders as follows:

A. On the first business day of each month, the Department of Public Safety ("DPS") shall file a sworn status report addressing, completely and in detail, its compliance or lack thereof with all aspects of the Preliminary Injunction.

1. The status report shall address, on an individualized basis, each DPS facility's compliance with the State of Hawaii Department of Public Safety Pandemic Response Plan COVID-19 (May 28, 2021 Revision). ECF No. 22-12.

2. The status report shall focus in particular on the eleven safety categories set forth on page 67 of the Preliminary Injunction. For each category, the report shall indicate whether each facility:

    a. is in full compliance with the Preliminary Injunction;

    b. is coming into full compliance with the Preliminary Injunction (meaning full compliance is expected within 14 days); or

    c. is not coming into full compliance with the Preliminary Injunction (meaning full compliance is <u>not</u> expected within 14 days).

3. Each report shall be signed, under oath, by the Warden or the Warden's designee, of each DPS facility.

B. Plaintiffs shall file a responsive status report within 7 business days of DPS' status report.

1. Plaintiffs' responsive status report shall address each area of agreement and disagreement with DPS' status report.

      2.      For any area of disagreement, Plaintiffs shall submit a sworn declaration with factual support for their position.

    C.      The Court will then hold a status conference approximately seven days thereafter, i.e., about mid-way through each month.

      1.      At this status conference, the Court and the parties will address:

        a.      areas of Preliminary Injunction compliance/noncompliance;

        b.      any areas of factual disagreement; and

        c.      an orderly process for resolving those factual disputes.

    D.      The overarching goal of this process is to develop a factual record concerning DPS' compliance with the Preliminary Injunction. The Court intends to maintain this process for the duration of the Preliminary Injunction, subject to revision as appropriate.

    E.      The Court orders DPS to provide Class Counsel with a list of all inmates who have contracted COVID-19.

    F.      The Court orders DPS to provide Class Counsel with current contact information for each inmate, and to update that contact information as necessary due to inmate movement or otherwise.

G. The Court orders DPS to provide Class Counsel with a daily update (excluding weekends and State holidays) of new active inmate COVID-19 cases, including each inmate's contact information.

This Order is effective immediately.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 21, 2021.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Chatman, et al. v. Otani*, Civil No. 21-00268 JAO-KJM; Order #1 Regarding Oversight of the Preliminary Injunction