CLARE E. CONNORS                   7936
Attorney General of Hawaii

CARON M. INAGAKI                   3835
KENDALL J. MOSER                   6515
SKYLER G. CRUZ                     9551
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 586-1494
Facsimile:  (808) 586-1369
Email:  Caron.M.Inagaki@hawaii.gov
        Kendall.J.Moser@hawaii.gov
        Skyler.G.Cruz@hawaii.gov

Attorneys for Defendant
MAX N. OTANI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY CHATMAN; FRANCISCO ALVARADO; ZACHARY GRANADOS; TYNDALE MOBLEY; and JOSEPH DEGUAIR; individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    vs.<br><br>MAX N. OTANI, Director of State of Hawaii, Department of Public Safety, in his official capacity,<br><br>          Defendant. | CIVIL NO. 21-00268 JAO-KJM<br><br>DEFENDANT MAX N. OTANI'S STATUS REPORT NO. 1 REGARDING COMPLIANCE WITH THE PRELIMINARY INJUNCTION FILED ON JULY 13, 2021; CERTIFICATE OF SERVICE<br><br>Status Conference<br>Date:  August 16, 2021<br>Time:  9:00 a.m.<br>Magistrate Judge:  Honorable Kenneth J. Mansfield<br><br>Judge:  Honorable Jill A. Otake |

DEFENDANT MAX N. OTANI'S STATUS
REPORT NO. 1 REGARDING COMPLIANCE WITH THE
PRELIMINARY INJUNCTION FILED ON JULY 13, 2021

Defendant Max N. Otani, Director of State of Hawaii, Department of Public Safety, in his official capacity ("Defendant"), by and through his attorneys, Clare E. Connors, Attorney General of Hawaii, and Caron M. Inagaki, Kendall J. Moser, and Skyler G. Cruz, Deputy Attorneys General, hereby submits this Status Report No. 1 pursuant to *Order #1 Regarding Oversight of the Preliminary Injunction* ("Order #1").  ECF No. 42.

I.  RELEVANT PROCEDURAL BACKGROUND

On July 13, 2021, the Court entered an *Order (1) Granting Plaintiffs' Motion for Provisional Class Certification and (2) Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order* ("Preliminary Injunction").  ECF No. 37.  In relevant part, the Court ordered "Defendant to *fully comply* with the Response Plan," focusing in particular on certain enumerated sections of the Pandemic Response Plan.  ECF No. 37, PageID ## 66-67 (emphasis in original).  The Court further ordered Defendant to "[p]rovide sanitary living conditions to all inmates in DPS custody" and "[p]rohibit DPS employees from restricting access to inmate grievance forms or from preventing the submission of grievances with respect to COVID-19 issues."  Id. at PageID # 67.

The Court authorized Magistrate Judge Kenneth J. Mansfield to address "compliance with the preliminary injunction, engage in factfinding procedures he deems appropriate, and issue certified factual findings to the [Court]." Id. at PageID # 67.  On July 21, 2021, this Court entered Order #1 directing Defendant to file a sworn status report on the first business day of each month addressing, completely and in detail, PSD's compliance or lack thereof with all aspects of the Preliminary Injunction.  ECF No. 42.

## II. STATUS REGARDING COMPLIANCE WITH THE PANDEMIC RESPONSE PLAN

This Court directed the State of Hawaii, Department of Public Safety ("PSD") to file a sworn status report addressing, on an individualized basis, each facility's compliance with the Pandemic Response Plan (May 28, 2021 Revision), focusing in particular on the eleven safety categories set forth on page 67 of the Preliminary Injunction.  ECF No. 42, Page ID # 1317.  In order to comply with the requirements set forth in Order #1, Defendant prepared a Sworn Status Report to be completed by each of the facility's Wardens.  The Sworn Status Report addresses each section of the Pandemic Response Plan focusing in particular on the eleven safety categories.

The Wardens were advised that the Sworn Status Report is merely a tool to be used to state each facility's level of compliance with the specific sections of the Pandemic Response Plan and that it is not meant to be a substitute for the plan.  In

that regard, the Wardens were instructed to refer to the Pandemic Response Plan when evaluating their facility's level of compliance with each section/paragraph of the Pandemic Response Plan.

Consistent with the language in Order #1, the Wardens were instructed to evaluate the level of compliance with the Pandemic Response Plan at each facility by stating as follows:

- Full compliance
- Coming into full compliance (meaning full compliance is expected within 14 days)
- Not coming into full compliance (meaning full compliance is <u>not</u> expected within 14 days)

The Sworn Status Report also provides space for comments at the end of each section.  The Wardens were instructed to provide an explanation in the comments section for any representation that the facility is in "Full compliance" subject to an accommodation permitted under the PRP or, if appropriate, where the Court previously found that the facility was not in full compliance.  The Wardens were also instructed to provide an explanation for any representation that a facility is either "Coming into full compliance" or "Not coming into full compliance," discussing why the facility is not in full compliance and what, if anything, is being done to come into full compliance.  The Wardens were further instructed to write "N/A" for any item in the Pandemic Response Plan that is not applicable to a facility and include an explanation in the comments as to why that item is

inapplicable. The Sworn Status Reports have been signed, under oath, by the Warden for each facility.

The Sworn Status Reports completed by each Warden are attached to this status report. The following is a brief summary of each facility's level of compliance as attested to by the Wardens:

A.  <u>Hawaii Community Correctional Center ("HCCC")</u>

HCCC is presently in full compliance with all sections of the Pandemic Response Plan as well as the Court's directives regarding sanitary living conditions and grievance forms.

B.  <u>Halawa Correctional Facility ("HCF")</u>

HCF is presently in full compliance with all sections of the Pandemic Response Plan except for Section 3(a). HCF is also in full compliance with the Court's directives regarding sanitary living conditions and grievance forms.

C.  <u>Waiawa Correctional Facility ("WCF")</u>

WCF is presently in full compliance with all sections of the Pandemic Response Plan as well as the Court's directives regarding sanitary living conditions and grievance forms.

    D.    <u>Maui Community Correctional Center ("MCCC")</u>

MCCC is presently in full compliance with all sections of the Pandemic Response Plan except for Section 3(a).  MCCC is also in full compliance with the Court's directives regarding sanitary living conditions and grievance forms.

    E.    <u>Oahu Community Correctional Center ("OCCC")</u>

OCCC is presently in full compliance with all sections of the Pandemic Response Plan as well as the Court's directives regarding sanitary living conditions and grievance forms.

    F.    <u>Kauai Community Correctional Center ("KCCC")</u>

KCCC is presently in full compliance with all sections of the Pandemic Response Plan except for Sections 3(b), 10, and 13.  KCCC is also in full compliance with the Court's directives regarding sanitary living conditions and grievance forms.  It should be noted that KCCC is one of three PSD facilities that has not experienced a COVID-19 outbreak.

    G.    <u>Kulani Correctional Facility ("KCF")</u>

KCF is presently in full compliance with all sections of the Pandemic Response Plan.  KCF is also in full compliance with the Court's directives regarding sanitary living conditions and grievance forms.  It should be noted that KCF is one of three PSD facilities that has not experienced a COVID-19 outbreak.

H.   Women's Community Correctional Center ("WCCC")

WCCC is presently in full compliance with all sections of the Pandemic Response Plan except for Section 3(a).  WCCC is also in full compliance with the Court's directives regarding sanitary living conditions and grievance forms.  It should be noted that WCCC is one of three PSD facilities that has not experienced a COVID-19 outbreak.

III.  ADDITIONAL MATTERS

In addition to addressing the facilities' level of compliance at the status conference scheduled for August 16, 2021, Defendant respectfully requests that he be permitted to present and discuss the following concerns relating to Order #1.

A.   Paragraphs E, F, and G of Order #1

The Preliminary Injunction "authorized [Magistrate Judge Mansfield] to address compliance with the preliminary injunction, engage in factfinding procedures he deems appropriate, and issue certified factual findings to the [Court]." ECF No. 37, PageID # 67.  However, Paragraphs E, F, and G exceed the scope of this authority by directing Defendant to provide information that was not requested by Plaintiffs in connection with their motion for preliminary injunction, was not briefed by the parties, and was not ordered by the District Court.  Moreover, Defendant was not given adequate notice of this request or any opportunity to oppose it.

To be clear, Defendant is complying with these Paragraphs. Defendant is in the process of gathering the information required under Paragraphs E and F (*i.e.* "a list of all inmates who have contracted COVID-19" and their contact information).[1] Defendant began providing the information required under Paragraph G (*i.e.* a "daily update . . . of new active COVID-19 cases") on July 23, 2021.[2] However, Defendant would like to address this issue at the status conference and to respectfully request that the Court modify Order #1 to remove these paragraphs or issue a superseding order that omits these requirements.

B.  Inmate Consent

Paragraphs E, F, and G of Order #1 direct Defendant to provide Plaintiffs' counsel with health information (*i.e.* COVID-19 positive test results) that is ordinarily protected from disclosure under State and federal laws. In order to comply with Order #1 and at the same time protect these inmates' privacy rights,

---

[1] This is a multi-step process. First, health records are reviewed by the Health Care Division in order to identify inmates that must be included on the list. Second, staff must identify whether each inmate is currently incarcerated and, for those inmates who are, indicate on the list at which facility the inmate is housed. Third, the list must then be provided to the Corrections Division to obtain and provide current contact information or the last known address for inmates who are no longer in the custody of the State.

[2] Order #1 was filed on July 21, 2021. On July 22, 2021, the Department of Public Safety received COVID-19 test results confirming no new positive active cases that day. As such, a report was not provided. However, at Plaintiffs' counsel's request, Defendant is providing daily updates regardless of whether the test results confirm positive active cases.

834312_1.DOC                                                7

Defendant has been requesting and obtaining the inmates' consent to release this information to Plaintiffs' counsel prior to providing counsel with the "daily updates" directed under Paragraph G of Order #1.

Defendant's position is that inmate consent is likewise required prior to disclosure of the information directed under Paragraphs E and F. In addition to privacy rights discussed above, Defendant is particularly concerned that a list of "all inmates who have contracted COVID-19" includes inmates who are not members of the classes. As defined in the Preliminary Injunction, the classes include only "present and future" inmates. ECF No. 37, PageID ## 1245, 1267. Thus, inmates who do not fall within the class definitions (*e.g.* a past pretrial detainee who were no longer incarcerated in Hawaii jail at the time the preliminary injunction was entered) are not members of the classes, are not Plaintiffs' counsel's clients in this case, and have privacy rights that must be protected before their information can be disclosed to a third party.

On July 28, 2021, the parties participated in LR7.8 prefiling conference and discussed their dispute regarding the issue of whether inmate consent is necessary. As Defendant understands it, Plaintiffs' position is that they are entitled to the information in Paragraphs E, F, and G and that consent is not required, though Plaintiffs have stated they are willing to discuss accommodations for those inmates potentially falling outside of the class definitions.

In an effort to avoid the need for motion practice, Defendant proposed the following compromise. Instead of waiting until the entire list is ready, Defendant would agree to provide lists by month, starting with the most recent month (*i.e.* July 2021) and work backwards. Defendant would still require inmate consent, but for any inmate who refuses to consent or that we can't reasonably locate in order to obtain their consent, Defendant would redact their names and contact information. The parties would agree to address this issue in their status reports and at the status conference. If the Court finds that consent is not required or issues an appropriate protective order, then Defendant would provide unredacted versions of any lists already provided to Plaintiffs and discontinue redacting on future lists. At this time, Plaintiffs have not responded to Defendant's proposal.

As discussed above, Defendant is requesting relief from the requirements of Paragraphs E, F, and G. However, if the Court is not inclined to grant the requested relief, Defendant would like to address the issue of whether inmate consent is required prior to disclosure of the information required under Paragraphs E, F, and G at the status conference.

\\

\\

\\

\\

    DATED:  Honolulu, Hawaii, August 2, 2021.

                                STATE OF HAWAII

                                CLARE E. CONNORS
                                Attorney General
                                State of Hawaii

                                <u>/s/ Skyler G. Cruz</u>
                                CARON M. INAGAKI
                                KENDALL J. MOSER
                                SKYLER G. CRUZ
                                Deputy Attorneys General

                                Attorney for Defendant
                                MAX N. OTANI