IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY CHATMAN, FRANCISCO ALVARADO, ZACHARY GRANADOS, TYNDALE MOBLEY, and JOSEPH DEGUAIR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MAX N. OTANI, Director of State of Hawaiʻi, Department of Public Safety, in his official capacity,<br><br>Defendant. | CIVIL NO. 21-00268 JAO-KJM<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY PRELIMINARY INJUNCTION |

**ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY PRELIMINARY INJUNCTION**

On July 13, 2021, the Court issued an Order (1) Granting Plaintiffs' Motion for Provisional Class Certification and (2) Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order ("PI Order"). ECF No. 37; *see also Chatman v. Otani*, Civil No. 21-00268 JAO-KJM, 2021 WL 2941990 (D. Haw. July 13, 2021). On July 29, 2021, Defendant Max Otani ("Defendant") filed a Motion to Clarify and/or Modify Preliminary Injunction, *see* ECF No. 45, followed by the present Second Motion to Modify Preliminary Injunction ("Motion") on August 8, 2021. ECF No. 51.

The Court elects to decide this Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. For the following reasons, the Court DENIES the Motion.

## DISCUSSION

"'The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible,'" and when it "invokes equity's power to remedy a constitutional violation by an injunction mandating systemic changes to an institution[, it] has the continuing duty and responsibility to assess the efficacy and consequences of its order." *Brown v. Plata*, 563 U.S. 493, 542 (2011) (citations omitted). "'A party seeking modification . . . of an injunction bears the burden of establishing that a significant change in facts or law warrants revision . . . of the injunction.'" *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000)) (other citation omitted). This "requirement presumes that the moving party could have appealed the grant of the injunction but chose not to do so, and thus that a subsequent challenge to the injunctive relief must rest on grounds that could not have been raised before." *Alto v. Black*, 738 F.3d 1111, 1120 (9th Cir. 2013) (citation omitted).

The Prison Litigation Reform Act ("PLRA") permits modification of prospective relief before the relief is terminable to the extent it "would otherwise

be legally permissible." 18 U.S.C. § 3626(b)(4). Courts "shall promptly rule on any motion to modify . . . prospective relief in a civil action with respect to prison conditions." 18 U.S.C. § 3626(e)(1).

Defendant requests leave to revise the Department of Public Safety's ("DPS") Pandemic Response Plan ("Response Plan"). Although Defendant limits his discussion to the provisions concerning the elimination of quarantine and testing requirements for vaccinated and previously infected inmates, there are in fact a number of revisions to the Response Plan. ECF No. 51-1 at 6 n.7 (mentioning the existence of other revisions); ECF No. 51-7 (redline of the Response Plan). In its Order Denying Defendant's Motion to Clarify and/or Modify Preliminary Injunction ("Order"), issued on August 12, 2021, the Court stated: "Defendant is not precluded from revising the Response Plan, particularly if modifications enhance COVID-19 mitigation measures in DPS facilities but he is cautioned that any modifications decreasing or eliminating *existing* safety measures in the Response Plan (May 28, 2021 Revision) may violate the PI Order." *Chatman v. Otani*, Civil No. 21-00268 JAO-KJM, 2021 WL 3574866, at *3 (D. Haw. Aug. 12, 2021) (citation omitted).

The Court maintains this position. Its role is to ensure that Defendant is not violating Plaintiffs' constitutional rights, not to micromanage DPS policy or operations. Not only would preapproval of every amendment to the Response Plan

3

be counterproductive and inefficient as a practical matter, it would encroach on the State's penological interests.  The Court's obligation to monitor compliance with the PI Order is distinct from Defendant's need to manage DPS facilities.  That is, monitoring efforts are not designed to hamstring Defendant from making necessary changes, especially as COVID-19 cases surge in the state and the outbreaks at DPS facilities persist.  *See* https://dps.hawaii.gov/blog/2020/03/17/coronavirus-covid-19-information-and-resources/ (updated Aug. 17, 2021) (last visited Aug. 18, 2021).  If Defendant is taking *protective* measures regarding inmates' health — even if doing so results in changes to the Response Plan — that arguably would not violate the PI Order.

For example, Defendant continues to request an order authorizing an addendum regarding the vaccination of DPS staff.  ECF No. 51-1 at 6 n.7; ECF No. 51-5 ¶ 11.  The Court noted in the Order that the request to add a vaccine addendum is moot.  *See Chatman*, 2021 WL 3574866, at *3.  Following Defendant's initial request to add a vaccine addendum for DPS staff, Governor Ige issued an Emergency Proclamation Related to the COVID-19 Response on August 5, 2021, which contains a vaccination/testing mandate for State (and county) employees.  The vaccine/testing mandate therefore applies irrespective of whether it is added to the Response Plan.  An order is not required to amend the Response Plan in this manner, as Defendant can determine how he presents the mandate to

4

DPS staff.  Defendant *should not* interpret this to mean the Court disapproves of vaccination.  The Court commends any efforts to inoculate inmates and staff.

With respect to Defendant's primary request regarding quarantines, he mispresents that the proposed amendment reflects *updated* CDC guidance.  ECF No. 51-1 at 7 ("CDC has similarly issued updated guidance and recommendations for fully vaccinated inmates and staff in a correctional setting.").  The CDC guidance he quotes is from a **June 9, 2021** update, which was issued more than one month before the issuance of the PI Order and it precedes the Delta variant surge.  *See* https://www.cdc.gov/coronavirus/2019-ncov/community/quarantine-duration-correctional-facilities.html (last visited Aug. 18, 2021); https://www.nytimes.com/2021/06/22/health/delta-variant-covid.html (last visited Aug. 18, 2021).  This alone precludes Defendant from satisfying the standard for modifying an injunction because there is no change to the facts or law in the manner Defendant suggests.  Indeed, circumstances have worsened since the Court imposed the injunction.

Based on the foregoing, the Court DENIES Defendant's Motion.  Defendant is free to amend the Response Plan without Court involvement,[1] but he is again cautioned that eliminating safety measures may constitute a violation of the PI Order if such elimination is not supported by COVID-19 conditions and corresponding medical/scientific guidance during the relevant time period.

---

[1] This does not mean that the Court expressly approves the proposed amendments.

## CONCLUSION

In accordance with the foregoing, the Court DENIES Defendant's Second Motion to Modify Preliminary Injunction. ECF No. 51.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, August 18, 2021.



Jill A. Otake
United States District Judge

Civil No. 21-00268 JAO-KJM, *Alvarado v. Otani*; ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY PRELIMINARY INJUNCTION

6