IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTHONY CHATMAN, FRANCISCO ALVARADO, ZACHARY GRANADOS, TYNDALE MOBLEY, and JOSEPH DEGUAIR, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>MAX N. OTANI, Director of the State of Hawaiʻi Department of Public Safety, in his official capacity,<br><br>   Defendant. | CIVIL NO. 21-00268 JAO-KJM<br><br>ORDER GRANTING THE PARTIES' (1) JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND FOR ORDER SETTING FAIRNESS HEARING AND (2) JOINT MOTION FOR ORDER APPROVING NOTICE AND DIRECTING GIVING NOTICE TO THE CLASS |

**ORDER GRANTING THE PARTIES' (1) JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND FOR ORDER SETTING FAIRNESS HEARING AND (2) JOINT MOTION FOR ORDER APPROVING NOTICE AND DIRECTING GIVING NOTICE TO THE CLASS**

On July 13, 2021, the Court issued an Order (1) Granting Plaintiffs' Motion for Provisional Class Certification and (2) Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order ("PI Order"). ECF No. 37; *see also Chatman v. Otani*, Civil No. 21-00268 JAO-

KJM, 2021 WL 2941990 (D. Haw. July 13, 2021).  In the PI Order, the Court

provisionally certified the following classes:

> Post-Conviction Class: All present and future sentenced prisoners
> incarcerated in a Hawaiʻi prison.
>
>> Post-Conviction Medical Subclass: Includes all present and
>> future Post-Conviction Class members whose medical
>> condition renders them especially vulnerable to COVID-19 as
>> determined by guidelines promulgated by the CDC.
>
> Pretrial Class: All present and future pretrial detainees incarcerated in
> a Hawaiʻi jail.
>
>> Pretrial Medical Subclass: Includes all present and future
>> Pretrial Class members whose medical condition renders them
>> especially vulnerable to COVID-19 as determined by guidelines
>> promulgated by the CDC.

ECF No. 37 at 10, 32; *Chatman*, 2021 WL 2941990, at *4, 12.

On September 3, 2021, the parties filed the following:  (1) Joint Motion for

Preliminary Approval of Settlement and for Order Setting Fairness Hearing; and

(2) Joint Motion for Order Approving Notice and Directing Giving Notice to the

Class.  ECF Nos. 93, 94.  By these motions, the parties request that the Court

preliminary approve a Settlement Agreement and General Release executed by the

parties on September 2, 2021 ("Settlement Agreement"), set a fairness hearing

under Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP"), approve a

proposed notice to be provided to the classes by Defendant Max N. Otani, in his

official capacity as the Director of the State of Hawaiʻi Department of Public

Safety ("Defendant"), and direct the provision of the proposed notice to the classes. The Court has reviewed the motions, the Settlement Agreement,[1] and the proposed notice to the classes and finds that the Settlement Agreement meets the standard for preliminary approval under FRCP 23(e)[2] and that the manner and form of the notice proposed is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of this action and afford them an opportunity and reasonable time to present any objections to the Settlement Agreement.

"At the preliminary approval stage, 'the settlement need only be potentially fair.'" *Uschold v. NSMG Shared Servs.*, LLC, 333 F.R.D. 157, 169 (N.D. Cal. 2019) (quoting *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. May 31, 2007)). As such, preliminary approval is "appropriate if 'the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the

---

[1]  A copy of the parties' Settlement Agreement and General Release is attached as Exhibit "A" to the Joint Motion for Preliminary Approval of Settlement and for Order Setting Fairness Hearing.  ECF No. 93-3.

[2]  Because the Court already provisionally certified a class under FRCP 23, it need not re-evaluate the class certification requirements and instead focuses on whether the proposed settlement is fair, adequate and reasonable.  *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 974 (E.D. Cal. 2012).

range of possible approval.'" *Id.* (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

The Court FINDS that the parties' settlement agreement meets this standard and preliminarily approves the parties' proposed settlement.

First, the Court concludes that class counsel has represented the interest of the entire class. The Settlement Agreement does not treat absent class members less favorably than the named plaintiffs or distinguish between the named plaintiffs and absent class members. Likewise, the Settlement Agreement treats class members equitably relative to each other; all class members are entitled to the same relief.

Second, the Settlement Agreement was the result of arm's length negotiation. *See*, *e.g.*, ECF Nos. 11, 82, 84, 90, 91, & 92 (docket entries reflecting numerous settlement conferences with Magistrate Judge). The Settlement Agreement plainly "is not the product of fraud or overreaching by, or collusion among, the negotiating parties," *Ficalora v. Lockheed Cal. Co.*, 751 F.2d 995, 997 (9th Cir. 1985), and has no obvious deficiencies.

Third, the Court concludes that the relief provided for the class by the Settlement Agreement is fair, adequate, and reasonable. The parties' detailed Settlement Agreement establishes a number of mitigation measures intended to improve COVID-19-related sanitation, hygiene, and medical monitoring at jails

and prisons in Hawai'i.  The Settlement Agreement also provides for a five-person Agreement Monitoring Panel ("AMP") to: (1) oversee adherence to COVID-19-related correctional public health standards; and (2) make real-time recommendations to DPS regarding its COVID-19 mitigation efforts.  The parties have concluded that the AMP will provide insight into and accountability for DPS's COVID-19 response, and will also benefit DPS by providing expert guidance as DPS navigates the current public health crisis. Counsel for both Plaintiffs and Defendant have concluded and have represented that the Settlement Agreement is fair, adequate, and reasonable.  Taking into consideration the parties' positions, and having reviewed the Settlement Agreement, the Court concludes that the Settlement Agreement — given the challenges of litigation and the legal and factual issues and challenges this case presents — is, under the circumstances, fair, adequate, and reasonable for purposes of preliminary settlement approval.

Accordingly, the Court GRANTS the Joint Motion for Preliminary Approval of Settlement and for Order Setting Fairness Hearing.  ECF No. 93.

The Court also GRANTS the Joint Motion for Order Approving Notice and Directing Giving Notice to the Class, ECF No. 94, as follows:

- An FRCP 23(e) final fairness hearing is set for October 22, 2021 at 9:00 a.m.;

- The Court approves the form of notice to class members attached to the parties' Joint Motion for Order Approving Notice and Directing Giving Notice to the Class, with the exception of the objection deadline on page four.   ECF No. 94-3.   Objections must be provided to counsel **three weeks before** the final fairness hearing. Any objections received by Plaintiffs' counsel shall be filed no later than **two weeks before** the hearing; and

- The Court directs Defendant to provide notice to the class members as follows:   (1) Defendant shall arrange and pay for the printing and reproduction of a sufficient number of copies of the Notice to enable the distribution; (2) No later than September 10, 2021, Defendant shall cause copies of the Notice to be posted in each housing unit, dormitory or other areas where the Notice may be seen by class members, in the discretion of the warden of each facility; (3) Defendant shall also cause to be posted a copy of the Notice on the DPS website; and (4) Defendant shall file with the Court, subsequent to the period of giving notice, and prior to the final fairness hearing, a report setting forth how the giving of notice consistent with the provisions of this Order has been accomplished.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, September 9, 2021.

Jill A. Otake
United States District Judge

_____

CIVIL NO. 21-00268 JAO-KJM, *Chatman v.* Otani; ORDER GRANTING THE PARTIES' (1) JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND FOR ORDER SETTING FAIRNESS HEARING AND (2) JOINT MOTION FOR ORDER APPROVING NOTICE AND DIRECTING GIVING NOTICE TO THE CLASS